MARY HUTTO AND OTHERS, *Appellants*, v. VICE L. HUTTO AND OTHERS, *Appellees.*

Opinion Filed December 16, 1913.

Equity will not declare a deed void on behalf of the grantor, who retains the full consideration, upon the sole ground that the grantee named therein and who paid the consideration, died before the execution of the deed; but upon proper showing may reform the deed.

Appealed from Circuit Court of Hernando County; W. S. Bullock, Judge.

Decree reversed.

*Geo. C. Martin,* for Appellants;

*Wm. H. Jackson,* for Appellees.

COCKRELL, J.—This is an appeal from a decree, cancelling as a cloud upon title a deed, executed by William H. Hutto and Vice L. Hutto, his wife, to his father William Hutto, by reason solely of the fact that the father was dead when the deed was executed. The deed, made a part of the bill of complaint, recites a consideration of three thousand dollars, which consideration is in nowise negatived or explained by the allegations of the bill.

It appears that William H. Hutto resided on the land holding title thereto, until 1890, when he moved to DeSoto county and there established his home. The father died in December, 1890, and another brother, who became administrator of his estate, took possession of the property until the freeze of 1894 destroyed the orange grove upon the property, and since then the property has been unoccupied. William H. Hutto and his wife Vice executed the deed to the property in 1896, naming the dead father as grantee, and this deed was recorded in 1904. William H. Hutto died in 1899, and this bill was filed in 1912 by his widow, the said Vice and her children against the other heirs of the father William Hutto, who both answered the bill and filed a cross-bill.

Much of the briefs is devoted to the action of the court in sustaining objections to the competency of testimony

by the defendant parties, touching transactions and communications with the deceased father and brother.

It is probable that the complainant, in the testimony of Vice Hutto, as to transactions and communications, both as to her deceased husband and father-in-law, let down the bars to this forbidden field of evidence, but we do not find it necessary to decide these questions. It is certain that neither by allegation nor proof do the complainants make out an equity to cancel this deed.

Admitting that the strict legal title may not pass by a deed to a dead grantee, it is certain that defect in this deed is remediable in a court of equity; the complainants themselves allege it was for a valuable consideration, and fail utterly to show, assuming they may be permitted to show, by competent evidence that it was not based upon the previous existing understanding and agreement between the father and the son. They plant themselves upon the bald conclusion of law, that as they executed a deed to a grantee they knew to be dead, instead of to his heirs, they thereby wiped out the indebtedness due them, pocketed the consideration, and without offer to do equity, they obtain from a court of conscience the cancellation of this deed as a cloud upon their title. This too after waiting sixteen years from the date of the deed, and thirteen years after the death of the grantor.

The court erred in decreeing the equities to be with the original complainant. and in failing to decree for the cross-complainants that the deed be reformed.

Decree reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.