CHARLES D. MATTHEWS, JR., v. CHARLES E. AUSTIN, Successor in Interest of JOHN W. GREER, Appellant.—297 S. W. 366.

Division One, July 30, 1927.

1. **FORMER APPEAL: County Patent: Equitable Title: Duty to Acquire Patent.** This court on the former appeal having determined, from the fact that the county court had found that an applicant for a patent to county land had paid the county in full for the land and made such finding a matter of record, that it was the county court's absolute duty to obey the statute and issue him a patent, and that the patent to the applicant issued and recorded after his death ought to be held to have vested the title in him, "if living, and if dead, then in his heirs," it would have been improper, when the suit to determine the title came up again in the trial court, upon the same pleadings and evidence and the mandate reversing the former judgment in favor of defendant, for the trial court to have ruled that the decision "did not decide any issue in the cause except that plaintiff had a right to apply to the county court for a patent to the land," but the decision required, whether it was that the plaintiff, as the successor of the applicant, had the legal or equitable title, that the judgment vest the title in him.

2. ————: **Further Procedure: Motion for Judgment: New Trial.** In an action to quiet title to swamp land which had belonged to the county, wherein an applicant for a patent had paid for the land and a patent to him was issued and recorded after his death, this court, on a former appeal, ruled that the patent vested the title in the applicant or his heirs, and reversed a judgment in favor of defendant, and remanded the cause. When the case came up again for trial in the circuit court the plaintiff, who is the successor in title to said applicant, filed a motion for judgment in accordance with the finding and decision of this court, and the trial court sustained the motion and entered judgment quieting the title in plaintiff. The evidence introduced on the first trial was made a part of the record in connection with the motion, as was the mandate of this court, and no additional evidence was offered, and defendant made no objection or exception .to the procedure adopted, but did offer instructions to the effect that the patent issued to the applicant after his death merely conveyed the equitable title and that before plaintiff could recover he must apply for and obtain the legal title of the county, which the court refused, but did give another which declared that the action was one at law and that, although plaintiff has an equitable title, he cannot recover unless he has acquired the legal title from the county. **Held**, that defendant's assignment that he "was entitled to the formalities of a trial and to have the issues submitted to a jury" must, in view of the record, be ruled against him. ·

3. **VEXATIOUS APPEAL: Second: Penalty.** The statutory penalty for vexatious 'appeals will not be enforced where the second appeal may reasonably have arisen from appellant's misconception of the decision and mandate of this court on the former appeal in the same case.

---

Corpus Juris-Cyc. References: **Appeal and Error**, 4 C. J., Section 3075, p. 1093, n. 77; Section 3077, p. 1097, n. 1.

Appeal from Mississippi Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*John T. McKay* for appellant.

(1) This court on the former appeal did not decide any issue in this cause except that plaintiff had a right to apply to the county court for a patent to the land in controversy; and this is more clearly shown by what the court said in the closing paragraph of its opinion, which is: "Though the conclusion reached in the preceding paragraph be rejected, yet the decree is wrong. At the least, appellant had the equitable title and is entitled to a patent from the county." Mathews v. Greer, 206 S. W. 53. (2) The plaintiff not having made application for and procured a patent for the land is in the same condition with reference to this appeal as he was before. He is without any title whatever. Wheeler v. Reynolds Land Co., 193 Mo. 291; Bayless v. Gibbs, 251 Mo. 492; Senter v. Lumber Co., 255 Mo. 602; Rutledge v. Presbyterian Church, 278 Mo. 323; Stillman v. Clardy, 256 Mo. 323. (3) A patent issued in the name of a deceased person is void and passes no title. Collins v. Brannin, 1 Mo. 540; Thomas v. Wyatt, 25 Mo. 24; Norfleet v. Russell, 64 Mo. 178; Galloway v. Finley, 12 Pet. 297; McGrew v. Byrd, 255 Fed. 759, 257 Fed. 66. (4) The cause having been reversed and remanded generally, the defendant was entitled to the formalities of a trial and to have the issues submitted to a jury or waiving a jury to have the issues submitted to the court, and the court's judgment on the motion is reversible error. Secs. 1397, 1398, R. S. 1919; Lee v. Conran, 213 Mo. 404; Houser v. Murray, 256 Mo. 84; Toler v. Edwards, 249 Mo. 159. The issues in this cause are not *res adjudicata,* because where a judgment is reversed and the cause remanded the cause is remanded for a new trial. Howell v. Sherwood, 242 Mo. 513.

*J. M. Haw, Bailey & Bailey* and *Oliver & Oliver* for respondent.

(1) Every point made by appellant in his brief in this case, as to the validity or invalidity of the several conveyances and instruments

offered in evidence, was made on the former hearing of this case. The ruling then is the law of this case. The trial court followed that ruling. There is not a single syllable of new evidence offered in this record from that offered on the former trial. Plaintiff's title is adjudicated. Winner v. Hoyt, 32 N. W. 128, 130; Matthews v. Greer, 260 S. W. 53. (2) Appellant cannot be heard to complain here of the procedure followed in the trial court. He made no objection. He recognizes that the proceedings had before the trial court were, for every reasonable purpose and intent, ''a trial.'' Where a judgment is reversed and cause remanded and the case goes back, it must be proceeded with in accordance with the ruling of this court as expressed in the opinion. This was done, for at the conclusion of the evidence, appellant prayed the court for instructions, just as is ordinarily done at the close of the evidence. (3) No objection having been made in the court below to the procedure followed, none can be heard here. He cannot try his case on one theory in the lower court and on another here. Sec. 1512, R. S. 1919. (4) It was the duty of the trial court to follow the rulings of this court in this case. This court held that the patent to William Pruett, under which plaintiff holds, was, under the Act of 1857, sufficient to pass the title. Matthews v. Greer, 260 S. W. 53. (5) This court will not reverse the judgment of any trial court, unless this court believes that error was committed against the appellant materially affecting the merits of appellant's case. Sec. 1513, R. S. 1919. (6) This action can be maintained without regard to the nature of the estate or interest, whether legal or equitable, held by plaintiff. Sec. 1970, R. S. 1919; Utter v. Sedman, 170 Mo. 284. (7) It is manifest from an examination of this record that this appeal is for vexation and delay. Every question discussed now was discussed on the previous trial. This court's former opinion constitutes and forms the law of this case. That finding was binding on the trial court. We are, therefore, invoking the penalty provided for in the statute for the prosecution of appeals for vexatious delay. Sec. 1515, R. S. 1919.

ATWOOD, J.—This suit was originally instituted in the Circuit Court of Dunklin County, Missouri, by Byrd-Matthews Investment Company against John W. Greer, for the purpose of determining the title under Section 1970, Revised Statutes 1919, to twenty acres of land situated in that county. Charles D. Matthews, Jr., having acquired by deed the title of Byrd-Matthews Investment Company, was substituted as party plaintiff. The first trial below resulted in a judgment for defendant John W. Greer, from which plaintiff appealed. The Supreme Court reversed the judgment and remanded the cause, the case being reported in 260 S. W. 53. Thereafter and before retrial Charles E. Austin acquired whatever interest John W.

Greer had in the property and he was substituted as party defendant. On retrial judgment went for plaintiff. Defendant appealed therefrom, and the abstract of the record filed here reads, in part, as follows:

"And on the 24th day of October, 1924, said cause coming on for trial on the same petition, answer and replication as before, respondent filed the following motion, caption and signatures omitted:

" 'Now on this day this cause coming on to be heard the plaintiff announces ready and the defendant announces ready. Thereupon the plaintiff prays the court for an order to enter judgment herein in accordance with the findings and mandate of the Supreme Court in this case, holding that plaintiff was and is entitled to the relief prayed for in his petition herein; and that the court entered its findings and judgment accordingly.'

"And after offering the testimony taken on the former trial and the mandate of the Supreme Court and after the declarations of law offered by the defendant were refused and given, the court rendered judgment in favor of the plaintiff and against defendant."

At the close of all the evidence defendant offered the following declarations of law:

"1. The court declares as a matter of law that the patent offered in evidence in this cause merely conveys the equitable title, if any, and will not support a finding for the plaintiff in this cause.

"2. The court declares, as a matter of law, that before plaintiff can recover in this action he must apply for and obtain the legal title from Dunklin County, Missouri, the county in which the land in controversy lies.

"3. The court declares the law to be that under the decision of the Supreme Court rendered in this cause and the mandate this day filed in accordance with this decision, the plaintiff only has the equitable title, if any, and the legal title is vested in Dunklin County, Missouri, and that before plaintiff is entitled to recover he must first procure from Dunklin County the legal title and offer the same in evidence.

"4. The court declares the law to be that this action pending between plaintiff and defendant is an action at law to determine title, and even though the court should find from all the evidence adduced and from the former opinion of the Supreme Court rendered in said cause, that the plaintiff has equitable title in the land in controversy, yet unless it further finds that plaintiff has obtained from Dunklin County, Missouri, the county in which the land in controversy lies, the legal title, he cannot recover in this action."

The trial court refused instructions numbered 1, 2 and 3, gave instruction numbered 4, and entered the following judgment and decree for plaintiff:

"Now on this 24th day of October, 1924, this cause coming on to be heard, the plaintiff announces ready for trial and the defendant announces ready for trial.

"Thereupon said cause was taken up on plaintiff's motion for judgment, and by consent and agreement of both parties this cause is submitted to the court on the testimony heretofore offered and on the opinion and mandate of the Supreme Court in this case, and the court having seen and heard said testimony, and having fully considered the same, and the findings and directions of the Supreme Court, doth sustain said motion.

"Thereupon the court finds from the testimony that the plaintiff is, and was at the time of the institution of this suit, the owner in fee of the south half of the northwest quarter of the southwest quarter of section thirty-two, township seventeen north, of range eight east, in Dunklin County, Missouri. The court further finds that the defendant, Charles E. Austin, through his predecessor in this suit, John W. Greer, claims some title in and to said land, bottomed upon a quitclaim deed dated November 22, 1916, and recorded in book 67, at page 121, of the deed records of Dunklin County, Missouri, from John T. McKay and wife, purporting to convey their interest in said land to John W. Greer, the original defendant herein, and that said claim, so asserted, was and is adverse and prejudicial to the plaintiff and should be and is set aside and for naught held as a cloud upon plaintiff's title. The court further finds that plaintiff dereigns his title through a regular line of conveyances to a patent issued by Dunklin County, Missouri, to William Pruett, on the 20th day of August, 1867.

"It is, therefore, considered, ordered, adjudged and decreed by the court that plaintiff be and he is adjudged and decreed the owner in fee of the south half of the northwest quarter of the southwest quarter of section thirty-two, township seventeen north, of range eight east, in Dunklin County.

"It is further ordered, adjudged and decreed that the deeds under and through which this defendant, Charles E. Austin, now holds and asserts some claim in and to said land should be and they are canceled, set aside and for naught held as upon plaintiff's title.

"It is further ordered, adjudged and decreed that plaintiff be and is adjudged and declared to be the owner in fee in, to and of said land, and that the defendant has no right, title, claim or interest therein, and that defendant and his heirs and grantors be, and they are, forever precluded, estopped and enjoined from setting up or asserting any right, title or claim in and to said real estate under, by and through the title herein claimed by him.

317 Mo. Sup.—65.

"It is further ordered, adjudged and decreed by the court that plaintiff have and recover of and from the defendant his costs in this behalf expended, and thereof have execution."

We deem it unnecessary to review the evidence at length, because it was fully presented on the former appeal, and the law then declared thereon became the law of the case, and no additional evidence was offered by either side at the second trial.

The land was swamp land, which duly passed to Dunklin County, the agreed common source of title. Respondent claims under a patent from Dunklin County to William Pruett, which was issued and recorded in 1867, and after Pruett's death, as the jury found on the former trial. Appellant claims under a patent issued by Dunklin County to William S. Sugg in 1870 and recorded in 1881. In declaring the law in the former appeal which involved the identical evidence here presented, we said in Matthews v. Greer, 260 S. W. 53, l. c. 54, 55:

"This is not a case between individuals in which the intent of the grantor is to be derived solely from the language of the deed and mere circumstances of the ordinary sort. In this case the county court had made the finding that William Pruett had paid the county in full for the land. Under the Act of 1857 this finding immediately raised a duty on the part of the court to patent the land to William Pruett if alive, and to his heirs or assigns if Pruett had died. It was the court's absolute duty to obey the statute. Doubtless it was attempting to do so. In such circumstances it is clear that reason and justice require the patent to be so construed as to effectuate the purpose of the statute, which must be presumed to have been the intent of the court. Under the authorities last cited and the principle they announce and the liberal rule long in force in this State, this patent ought to be held to have vested the title in Pruett, if alive, and if dead, then in his heirs. The facts are not usual, and no impairment of the general rule is to be apprehended from permitting this title to go under this patent to those entitled to the land under the Act of 1857, according to the finding of the county court.

"Even though the conclusion reached, in the preceding paragraph be questioned, the judgment is still wrong, and, for all practical purposes, the result as to the title is the same. The finding that William Pruett had paid in full for the land made it the duty of the county court to issue its patent under the statute in accordance with the statute. The result is an equity enforceable at any time. [Hutto v. Hutto, 66 Fla. 504, 63 So. 914.] If the patent is void as a conveyance for the reason urged, yet is the equitable title to the land in the assignees of William Pruett's heirs. The single question on this phase of the case concerns the matter of notice. Though the patent of 1867 be assumed to be void as a conveyance, yet it constituted no-

tice to all who thereafter dealt with the county with respect to the land it described that the county court had made its finding under the Act of 1857, and that its duty to issue its patent had arisen.  Valid or not, the patent was fair on its face and was put of record by the court as the statute required, and it constituted notice that the court had attempted to convey the title as it was its duty to do and notice of the finding of fact by the court which raised that duty under the express words of the statute.  In such circumstances the rule applies, and the record of the patent, though the patent be held void as a conveyance, was notice of the right in William Pruett or his heirs or assigns to a patent to the land.  [Lomax v. Pickering, 173 U. S. l. c. 29, 30, 19 Sup. Ct. 416, 43 L. Ed. 601; Morrison v. Brown, 83 Ill. l. c. 564, 565; Thompson v. Scott, 1 Ill. App. l. c. 648; Sampson v. Mudge, (C. C.) 13 Fed. l. c. 263; Clague v. Washburn, 42 Minn. l. c. 375, 44 N. W. 130; Stevens v. Hampton, 46 Mo. l. c. 408.]  The patent under which respondent claims was issued in 1870 to William S. Sugg, and recorded in 1881.  The register's receipts offered in evidence are not shown to have appeared properly of record until after 1867, are not shown to have been pursued after issuance, and respondent's claim in no way appears to have been connected with either of them. Though the conclusion reached in the preceding paragraph be rejected, yet the decree is wrong.  At the least, appellant had the equitable title and is entitled to a patent from the county.

"The judgment is reversed, and the cause remanded."

The first claim set forth in appellant's brief is that "the judgment and finding of the trial court is against the law and against the evidence under the law."  The evidence was the same as on the former trial, and the issues then submitted may not be again litigated on this appeal.  Appellant says that the Supreme Court "did not decide any issue in this cause except that plaintiff had a right to apply to the county court for a patent to the land in controversy."  We do not so read the opinion.  It unequivocally declares that "this patent ought to be held to have vested the title in Pruett, if alive, and if dead, then in his heirs."  The opinion also demonstrates the error of the judgment below by another course of reasoning which establishes that "at the least, appellant had the equitable title and is entitled to a patent from the county."  From this demonstration, however, we should not infer that the court receded from the conclusion first announced.

Appellant next complains that "defendant was entitled to the formalities of a trial and to have the issues submitted to a jury or waiving a jury have the issues submitted to the court."  An issue of fact was submitted to a jury on the former trial, the verdict thereon was favorable to defendant, the evidence introduced on the first trial is a part of the record now, no additional evidence was offered, and we have searched in vain for any objection or exception made by defend-

ant as to the procedure adopted and here complained of on the second trial. This point is ruled against appellant.

As we view the case the trial court committed no reversible error in ruling upon the declarations of law asked by defendant. Inasmuch as this second appeal may have arisen from appellant's misconception of the meaning and effect of our mandate, we are not inclined to enforce the statutory penalty for vexatious appeal as urged by respondent.

The judgment of the trial court should be and is hereby affirmed. All concur, except *Gantt, J.,* not sitting.